UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

MEMORANDUM & ORDER

03-CR-297 (NGG)

JOSE FELICIANO,

Defendant.

-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. for Reduction of Sentence ("Def. Mot.") (Dkt. 597).) For the reasons set forth below, Defendant's motion is DENIED.

## I. BACKGROUND

On July 18, 2005, Defendant pleaded guilty to a single count of conspiring to distribute and possessing with intent to distribute 50 grams or more of cocaine base[1] and 1 kilogram or more of heroin, a Class A felony in violation of 21 U.S.C. §§ 841(a)(1), 836, and 841(b)(1)(A). (Ex. 2 (Plea Tr., July 18, 2005) at 19; see also Ex. 1 (Pre-Sentence Investigation Report) (Dkt. 451) ¶ 2.)[2] Under the terms of his plea agreement, Defendant agreed that his sentence would be determined using certain drug types and minimum quantities—specifically, at least 1.5 kilograms of crack-cocaine and/or 30 kilograms of heroin. (Ex. 1 ¶ 2; Ex. 2 at 16.)

---

[1] For the purposes of this Memorandum and Order, the terms "crack-cocaine" and "cocaine base" are used interchangeably. See DePierre v. United States, 131 S. Ct. 2225 (2011) (holding that cocaine base is defined as cocaine in its chemically basic form, and crack-cocaine is a type of cocaine base).

[2] Citations in the form "Ex. __" refer to the exhibits attached to the Government's Memorandum in Opposition, filed January 7, 2014 ("Gov't Opp'n"). (Dkt. 679.) Unless otherwise indicated, the exhibits cited by the Government do not appear on the electronic docket for this case but were provided to the court in hard copy.

Prior to sentencing, the U.S. Probation Department prepared a Pre-Sentence Investigation Report ("PSR"), which laid out sentencing options and calculated the applicable guideline custody range under the U.S. Sentencing Guidelines ("USSG" or "Guidelines"). See Fed. R. Crim. P. 32(c). The PSR concluded that Defendant was personally responsible for 66 kilograms of heroin and 33 kilograms of cocaine base. (Ex. 1 ¶ 8.) These amounts were above the floor set forth in Defendant's plea agreement. Pursuant to the Guidelines' Drug Equivalency Table, the PSR converted the 66 kilograms of heroin to 66,000 kilograms of marijuana and the 33 kilograms of cocaine base to 660,000 kilograms of marijuana, for a total of 726,000 kilograms of marijuana. (Id.)

At the time of his sentencing, the Guidelines assigned a base offense level of 38 for drug offenses involving 30,000 kilograms or more of marijuana. (Ex. 1 ¶ 15 (citing USSG § 2D1.1(c)).) Feliciano received a 3-point reduction in his base offense level for acceptance of responsibility, reducing his total offense level to 35 (id. ¶¶ 13, 21), and the PSR determined that his prior convictions qualified him for a Category IV criminal history (id. ¶ 46). Accordingly, the PSR set forth a Guidelines sentencing range of 235 to 292 months imprisonment. (Id. ¶ 71.) Defendant was also subject to a statutory minimum sentence of 10 years imprisonment. (Id. ¶ 70.) See 21 U.S.C. § 841(b)(1)(A).

At Defendant's sentencing on January 12, 2006, the court reduced Defendant's criminal history to Category III in accordance with his plea agreement with the Government (see Sentencing Tr., Jan. 12, 2006 ("Sentencing Tr.") (Dkt. 680) at 10-11), and imposed Defendant's sentence using the drug types and quantities set forth in the PSR (id. at 7; see also Ex. 1 ¶ 15.) Accounting for the reduced criminal history and Defendant's total offense level of 35, the court calculated the applicable Guidelines range to be 210-262 months imprisonment. (Sentencing Tr.

2

at 18-19.) After accounting for time served on related convictions, the court imposed a sentence of 186 months imprisonment[3] and 5 years supervised release. (J. as to Jose Feliciano (Dkt. 423) at 2-3.)

On April 30, 2010, pro se Defendant filed the instant Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) asserting several grounds for further reduction of his sentence. (See Def. Mot.) Specifically, Defendant requests that the court consider certain amendments to the Guidelines that addressed the disparity between the treatment of crack-cocaine and powder-cocaine. (Def. Mot. at 2-4.) See also USSG § 1B1.10 (policy statement concerning § 3583(c)(2) motions, including list of Guidelines amendments that may qualify a defendant for reduction). Although Amendment 706, the reduction referenced by Defendant, had only been approved by the Senate at the time of the instant motion, it and several subsequent amendments touching upon the same issue have since been enacted and incorporated into the Guidelines.[4] (Def. Mot. at 4; Gov't Opp'n at 4-7.) See also USSG §§ 1B1.10(c), 2D1.1 historical note.

Defendant also asserts that he should have been granted a "[b]elow-[g]uidelines sentence even though he was sentenced as a career offender." (Def. Mot. at 4.) He maintains that the disparity between the Guidelines' treatment of cocaine based and powder cocaine could and

---

[3] In setting the term of incarceration, the court reduced its initial sentence of 210 months imprisonment to credit Defendant for a 24-month period of imprisonment on related convictions, which resulted in the final sentence of 186 months. (Sentencing Tr. at 19, 22.)

[4] Given the delay in deciding the instant motion, the court will afford Defendant the benefit of any applicable amendments enacted subsequent to its filing by determining his eligibility for resentencing under the current Guidelines. The court therefore applies Amendment 706—the reduction referenced in Defendant's motion and addressed in the Government's opposition (see Def. Mot. at 5; Gov't Opp'n at 5-7)—as amended by Amendments 711, 715, and 750, see USSG § 1B1.10(c). In short, Amendment 706 lowered the sentencing range for offenses involving cocaine base by two levels, raising the threshold to 4.5 kilograms of cocaine base for the maximum base offense level. See USSG App. C, Amend. 706. As further modified by Amendment 750, which took effect in November 2011 and is given retroactive effect under § 1B1.10(c), the current Guidelines provide for an even higher threshold for the maximum base offense level relating to cocaine base, requiring at least 8.4 kilograms. Id., Amend. 750; see also United States v. Carty, 897 F. Supp. 2d 201, 206 (S.D.N.Y. 2012). As discussed below, given the quantity of cocaine base attributed to Defendant in the PSR, an analysis under Amendment 706 and/or the current Guidelines would yield the same result.

3

should have been the basis for a downward departure by the court, particularly in light of 18 U.S.C. § 3553(a)(6)'s direction that a sentencing court endeavor to avoid "unwarranted sentence disparities" among similarly situated defendants. (Id.)

## II. DISCUSSION

The Supreme Court has established a two-step inquiry to guide district courts in their consideration of § 3582(c)(2) motions. See Dillon v. United States, 560 U.S. 817, 825 (2010); see also United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). First, the district court must determine whether a defendant is "*eligible* for a reduction in sentence." Id. (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (emphasis in original) (internal quotation marks omitted). To be eligible, a defendant must have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Second, if a defendant is eligible for resentencing, the court will then consider whether any reduction is warranted. (Id.)

Here, the court finds that Defendant is ineligible for resentencing under § 3582(c)(2) because his applicable Guidelines range has not been reduced by subsequent amendments to the Guidelines.[5] In his plea agreement, Defendant stipulated that his sentence should be based on "a drug type and quantity of at least 1.5 kilograms of crack cocaine and/or 30 kilograms of heroin." (Ex. 2 at 16.) Putting aside the cocaine base for the moment, the court notes that even under the most recent Guidelines the 30 kilograms of heroin alone would be sufficient for the maximum base offense level for drug offences of 38. See USSG § 2D1.1(c). Applying the 3-point

---

[5] Despite Defendant's agreement not to appeal or otherwise challenge his conviction or sentence in the event that the court imposes a term of imprisonment of 293 months or below (see Ex. 2 at 16-17), the court finds that Defendant may pursue the instant § 3582(c)(2) motion because the sentencing court expressly relied upon the Guidelines in determining his sentence and the plea agreement does not specifically preclude pursuit of a § 3582(c)(2) sentence reduction. (Sentencing Tr. at 11, 18.) See United States v. White, 429 F. App'x 43, 47 (2d Cir. 2011) (summary order); United States v. Tejeda, 978 F. Supp. 2d 245, 248 (S.D.N.Y. 2013).

reduction for acceptance of responsibility and the Category III criminal history applied at his sentencing, Defendant's recommended Guidelines range on the 30 kilograms of heroin would be 210-262 months. See USSG Sentencing Table. Because the imposed sentence of 186 months (or 210 months with a 24 month credit) was at or below the low end of the Guidelines range on the heroin offense alone, he is not entitled to a sentence reduction. (Sentencing Tr. at 22.) Not surprisingly, the result would be the same were Defendant sentenced for both the 1.5 kilograms of cocaine base and 30 kilograms of heroin specified in his plea agreement under the current Guidelines.[6]

Similarly, Defendant's sentencing range under the amended Guidelines when calculated using the findings contained in the PSR—to which neither he nor his counsel objected (see Def. Sentencing Mem. (Dkt. 419) at 8)—results in the same outcome. The PSR found Defendant personally responsible for 66 kilograms of heroin, significantly exceeding the 30 kilograms necessary for base offense level of 38. USSG § 2D1.1(c). (See Ex. 1 at ¶ 8.) Applying the 3-point reduction and reduced criminal history used by the court at sentencing, Defendant's recommended sentencing range would remain 210-262 months and he thus is not eligible for a sentencing reduction under § 3582(c)(2). See USSG Sentencing Table. Once again, incorporating the PSR's cocaine base findings into this sentencing calculus only reinforces Defendant's ineligibility for a sentencing reduction under § 3582(c)(2).[7]

To the extent Defendant purports to directly challenge his sentence as in a direct appeal, his arguments are barred by the terms of his plea agreement, procedurally improper, and

---

[6] Specifically, using the Guidelines' Drug Equivalency Table to convert the cocaine base and heroin to kilograms of marijuana, Defendant's sentence on just the minimum drug quantities in his plea agreement would have been based upon approximately 35,356 kilograms of marijuana. (Ex. 2 at 16.) See USSG § 2D1.1(c). This amount exceeds the 30,000 kilograms of marijuana needed for a base offense level of 38. Id.

[7] Indeed, the PSR's determination that Defendant was personally responsible for 33 kilograms of cocaine base is far in excess of the 8.4 kilogram threshold necessary to qualify for the maximum base offense level under § 2D1.1.

otherwise without merit. See Dillon, 560 U.S. at 831 (holding the district court properly disregarded defendant's challenges to aspects of his original sentence that were not affected by subsequent Guidelines change since such alleged errors were outside the scope of the § 3582(c) proceeding). As provided in 18 U.S.C. § 3582, there are only three specific circumstances in which a court is permitted to modify a prison sentence once it has been imposed. These limited circumstances include: (1) on the Bureau of Prisons' motion due to "extraordinary and compelling reasons" or, inter alia, because the defendant is at least 70 years of age, 18 U.S.C. § 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," id. § 3582(c)(1)(B), the latter of which may be invoked only "[u]pon the government's motion" to correct clerical error or due to substantial assistance by a defendant, Fed. R. Crim. P. 35; and (3) when the U.S. Sentencing Guidelines provision under which the defendant was sentenced is subsequently lowered, 18 U.S.C. § 3582(c)(2). The court has already determined the third avenue to be closed to Defendant. Furthermore, no motion has been filed by the Bureau of Prisons and the court is not aware of any other statute that might permit the court to reduce Defendant's term of imprisonment.[8]

## III. CONCLUSION

For the reasons set forth above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court, therefore, will not consider whether a reduction is warranted. See Dillon, 560 U.S. at 826. Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

---

[8] Even if this were not the case, Defendant's arguments are without merit. Despite his assertion that he was sentenced as a Career Offender under USSG § 4B1.1, there is no indication in the PSR, plea agreement, transcript of the sentencing hearing, or judgment that this was the case.

The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      August 12, 2014

NICHOLAS G. GARAUFIS