D/F

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
    UNITED STATE OF AMERICA,

                      -against-

    JOSE FELICIANO,

                              Defendant.
-----------------------------------------------------------------X
```

**MEMORANDUM & ORDER**

**03-CR-297-7 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Jose Feliciano's motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Mot. for Sentencing Reduction ("Def.'s Second Mot.") (Dkt. 690).) For the reasons discussed below, Defendant's motion is DENIED.

## I. BACKGROUND

On July 18, 2005, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (See Min. Entry (Dkt. 391).) On January 12, 2006, the court sentenced Defendant to a term of 186 months of imprisonment, a term of five years of supervised release, and a $100 special assessment. (J. (Dkt. 423).)

According to the terms of his plea agreement with the Government, Defendant accepted responsibility for at least 1.5 kilograms of crack cocaine and/or 30 kilograms of heroin. See United States v. Feliciano, No. 03-CV-297 (NGG), 2014 WL 3965120, *1 (E.D.N.Y. Aug. 13, 2014). At sentencing, the court determined that Defendant was responsible for 33 kilograms of crack cocaine and 66 kilograms of heroin, corresponding to 726,000 kilograms of marijuana according to the Drug Equivalency Tables of the U.S. Sentencing Guidelines (the "Guidelines"). Id. According to the Guidelines at the time, that quantity corresponded to a base offense level of 38. Id. (citing U.S.S.G. § 2D1.1(c)). Defendant received a three-point reduction

1

for acceptance of responsibility, resulting in a total offense level of 35. Id. In addition, the court reduced Defendant's criminal history from Category IV to Category III, in accordance with the plea agreement. Id. (See also Sentencing Tr. (Dkt. 680) at 10-11.) The court then calculated the relevant Guideline range to be 210 to 262 months of imprisonment but, accounting for 24 months served on related convictions, sentenced Defendant to 186 months of imprisonment, along with five years of supervised release and a $100 special assessment. (J. at 2-3; see also Sentencing Tr. at 22.)

On April 30, 2010, Defendant filed a pro se motion requesting that his sentence be reduced pursuant to amendments to the Guidelines which reduced the base offense level for most crack-cocaine offenses. (Motion Pursuant to 18 U.S.C. 3582(c)(2) ("Def.'s First Mot.) (Dkt. 597).) On August 13, 2014, the court denied Defendant's motion on the grounds that Defendant was ineligible for a sentence reduction, because the relevant amendments did not reduce the applicable Guideline range. See Feliciano, 2014 WL 3965120, at *2.

On November 12, 2014, Defendant filed a second motion requesting that his sentence be reduced pursuant to § 3582. (Def.'s Second Mot.) Defendant's latest motion relies on Amendment 782 to the Guidelines, effective November 1, 2014, which modified the base offense levels in the Drug Quantity Table of section 2D1.1, and thereby lowered the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014).

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth

in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Amendment 782 modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, --- F. Supp. 3d ---, No. 05-CR-1327 (VM), 2015

WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

Defendant is not eligible for a reduction in sentence, and his motion therefore fails at the first step of the Dillon analysis. While Amendment 782 modified the Guidelines' Drug Quantity Table and corresponding base offense levels, Defendant is responsible for a quantity of drugs that still significantly exceeds the amount corresponding to the base offense level of 38. See U.S.S.G. § 2D.1.1(c) (showing that 25.2 kilograms of cocaine base alone corresponds to a base

offense level of 38).[1] Therefore, subtracting three points for acceptance of responsibility, Defendant's total offense level remains 35. Given Defendant's Criminal History Category of III, his amended Guideline range remains 210 to 262 months of imprisonment. See U.S.S.G. § 5A (Sentencing Table).

A defendant's sentence may only be reduced when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). While Defendant was sentenced to 186 months of imprisonment, his sentence was based on a range of 210 to 262 months, with credit for time served on related convictions. (See J. at 2-3; Sentencing Tr. at 22.) Given the quantity of drugs to which Defendant pleaded guilty, his Guideline range has not been lowered, and he is therefore ineligible for resentencing.

## IV. CONCLUSION

For the reasons set forth above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the court need not consider whether a reduction is warranted. See Dillon, 560 U.S. at 826. Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 20, 2015

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] This Memorandum and Opinion uses the term "crack cocaine," while the Sentencing Guidelines refers to "cocaine base." For our purposes, the terms are interchangeable. See DePierre v. United States, 131 S.Ct. 2225 (2011) (holding that crack cocaine is a type of cocaine base).

5